UNITED STATES of America

v.

Mark FILES

No. 403CR0008902GH.

United States District Court,
E.D. Arkansas,
Western Division.

Jan. 11, 2005.

Bettina E. Brownstein, Esq., and Jerry Jon Stalling, Esq., Little Rock, Roy C. Lewellen, Esq., Lewellen & Associates, Marianna, for Plaintiff.

Kevin T. Alexander, Esq., Assistant United States Attorney, U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, for Defendant.

*MEMORANDUM OPINION
AND ORDER*

GEORGE HOWARD, JR., District Judge.

Currently pending before the Court is the motion of defendant, Mark Files, (Files) to suppress evidence obtained at approximately 7:20 a.m. on January 21, 2002, from the home of Files pursuant to a search warrant issued by Circuit Judge Baird Kinney on January 21, 2002, at approximately 6:15 a. m., pursuant to an affidavit given by Officer Barry Roy (Officer Roy) of the Arkansas State Police.

Files contends that the warrant and the execution of the warrant were in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States due to the absence of probable cause due to a deficient affidavit executed by Officer Roy for the following alleged reasons:

(1) On January 21, 2002, at approximately 2:15 a.m., Files was arrested in his vehicle on Highway 49 in Fargo, Arkansas. Just prior to the arrest, Files had met co-defendant, Robert Lahue, at a motel in Brinkley, Arkansas. Lahue was driving a separate car that allegedly contained illegal drugs. Lahue had already been detained by law enforcement officers who monitored the meeting. Files proceeded north from Brinkley, Lahue followed in his car, and the law enforcement officers stopped Files on Highway 49, there taking him into custody; that Files was not arrested at his home and nothing that occurred during his arrest would suggest even a reasonable basis for believing that incriminating evidence would be located at his house.

(2) There is nothing to support a conclusion beyond mere suspicion that recoverable evidence existed at Files' home. A portion of the remaining language in the affidavit mentions that Files was arrested in 1997. Part of this information is false.

Even assuming it was accurate, an event occurring 5 years in the past certainly could provide no probable cause to suggest that discoverable contraband currently existed.

(3) Information on page 3 of the affidavit purports to originate from unnamed informants. There is no information in the affidavit to suggest that these informants are reliable, nor is there any reference when the acts described by the informants occurred; and that the substance of information provided by the informants, even if reliable and current, fails to provide sufficient probable cause to suggest that contraband would be found in Files' home.

(4) The affidavit contains false information and it also omits information that, in fairness, should have been included for the magistrate's consideration. For example: The affidavit asserts "In December 1997 Files was arrested by Arkansas State Game and Fish officer John Hopkins. At the time of his arrest Files was in possession of methamphetamine and a large amount of cash was seized. Files was with some other known drug users and dealers in a secluded area when they were arrested by Hopkins." In reality, argues Files, the report prepared regarding this incident reflects that Files was stopped while in his vehicle at night with his common-law wife, Shirley Cummings; that the reason for the stop was suspicion of violating waterfowl laws; that the officer found that Files did have a dead duck in the back of his truck along with guns, wading boots and other hunting gear. The officer also found Shirley Cummings to be in possession of marijuana paraphernalia and a small amount of purported methamphetamine—approximately one half gram. Neither Files nor Cummings were ever formally charged with any crimes arising from this arrest. That in spite of these known facts, Officer Roy stated in the

arrest affidavit that "Files was with some other known drug users and dealers ..."

In response to Files' motion to suppress evidence obtained by search warrant from Files' home, the Government alleges the following:

(1) The affidavit specifically details that Officer Roy had been receiving information as to Files' drug activities over a period of five years; that Don Sanders of the Drug Enforcement Administration Task Force as well as the officers from the Monroe County Sheriff's Department have been investigating Files' drug activities for at least four years; and that the affidavit demonstrates that investigators have been provided consistent stories from various independent sources concerning Files' drug trafficking activities in and around his residence and the Brinkley, Arkansas area.

(2) Officer Roy noted that he had personally received information and conducted interviews of numerous drug associates of Files and learned that Files was receiving large amounts of crystal methamphetamine from a source in California; that Files' associates told the police that Files would order drugs from California, that the couriers transporting the drugs would come to one of the motels in Brinkley, call Files, and that Files would then meet them and take them to a location to conclude the transaction which, on occasions, included Files' home.

(3) That the probable cause determination in this action does not rest upon the evaluation of a tip from either an anonymous or a confidential informant alone because the Arkansas State Police, on the day of Files' arrest, had already seized methamphetamine from co-defendant Lahue hours earlier in Russellville, Arkansas; that Lahue was directed to a motel in Brinkley, Arkansas, where he was to have an individual meet him; that after making contacts with his counterparts in Califor-

nia, confirming the scheduled arrangements, co-defendant Lahue was instructed, by an undercover police officer, to wait in the front of the motel for a blue Toyota pickup truck with a boat that would arrive at the motel as Lahue was advised by Lahue's California associate; that around 1:55 a.m., a blue Toyota pickup truck occupied and driven by Files approached Lahue and the undercover police officer and told them to follow him; that the vehicle was followed to a location north of the Fargo community where Files resides; that the vehicle was stopped and Files was taken into custody; that Files' mobile phone was reviewed and a California telephone number was found in the telephone memory which was the same number the investigators received instruction as to whom to deliver the two pounds of methamphetamine to that night; that the information received and the action taken by Files and associate are consistent with the information the police had obtained over the previous five years regarding Files' drug activities.

(4) The Government concedes that Officer Roy mistakenly recited information in the affidavit regarding the December, 1997 event involving the Arkansas State Game and Fish Agency, Files and his common-law wife. The Government notes that at the time of the preparation of the affidavit, Officer Roy had been provided information concerning two arrests of Files by the Arkansas Game and Fish officers. The second arrest occurred December 15, 1998, when Files, Patrick G. Huff, a known methamphetamine dealer, and David W. Conerly were arrested for illegal night hunting; that Officer Roy mistakenly recited information confusing the details from each of the two arrests thinking that it was a single event rather than reciting the events as separate occurrences; that Officer Roy did not deliberately or intentionally disregard the truth in his applica-

tion for a search warrant; that there is "no false nor nefarious spin in the information presented to the magistrate judge" given the fact that Files was arrested in the company of Patrick G. Huff in December, 1998, and was also found with Cummings in December, 1997, with drugs.

## BACKGROUND

On January 20, 2002, at approximately 4:30 p.m., co-defendant Robert LaHue (La-Hue) was arrested in Russellville, Arkansas, after a traffic stop and found to be transporting approximately two pounds of methamphetamine from Fontana, California. LaHue informed the investigators that the methamphetamine was to be delivered to an individual that he was to meet in Brinkley, Arkansas, and Lahue identified co-defendant Tino Barrasa and others in Fontana, California, involved methamphetamine trafficking activity. (Tino Barrasa entered a plea of guilty to charges in the Indictment after his case was transferred to the Middle District of California.)

LaHue, in cooperating with the investigators, made several telephone calls, which were being monitored by the investigators, to Tino Barrasa in order to obtain instructions regarding the delivery of the methamphetamine to the intended recipient in Brinkley, Arkansas. LaHue was advised by Tino Barrasa to travel in his vehicle to the parking lot of the Super 8 Motel located on State Highway 49 in Brinkley, Arkansas and meet the recipient who would be driving a blue Toyota pickup truck and pulling a boat; that Lahue was to flash his headlights when he saw the vehicle on the parking lot; that the subject would wave and that Lahue was to follow him to an abandoned house at an unknown location.

Files arrived at the Super 8 Motel in his blue 2002 Toyota pickup truck carrying a flat bed boat in the bed of the truck at approximately 1:45 a.m. After flashing his lights, Files told Lahue and undercover officer to follow him as he traveled north on State Highway 49. Files was stopped by the officers and placed under arrest at approximately 2 a. m. Files waived his *Miranda* rights and provided the officers with a statement at approximately 2:32 a.m., at the Sheriff's Office. Officer Roy arrived at the Sheriff's Office while Files was being interviewed and commenced preparing an application and affidavit for a search warrant to search Files' residence in Monroe County, Arkansas.

In addition to giving a summary of the information that the investigators had acquired from Lahue after his arrest in Russellville, Officer Roy stated in his affidavit that he has reason to believe that Files was concealing in his residence, among other things, documents relating to the purchase and distribution of controlled substances, in particular, methamphetamine, controlled substances, firearms, United States currency and electronic devices used in the facilitation and distribution of controlled substances. Officer Roy made, among other comments, the following observation in the affidavit "to establish the ... grounds for issuance of a Search Warrant":

I have received specialized training from the Federal Drug Enforcement Administration and the First and Third Judicial Drug taskforce. This agent along with Don Sanders of the DEA Taskforce and officers of the Monroe County Sheriffs Department have been investigating Mark Files drug activities for a least four years. I have personally received information as to Files drug activities for the last five years. I have interviewed numerous drug associates of Files and have been told that Files was getting large amount of crystal methamphetamine from a source in California. I was told that Files would order drugs from California and that the drug couri-

ers would come to one of the motels in Brinkley and they would call Files and he would meet them and then take them to a disclosed location to make the transaction. I have interviewed an informant who has said they (sic) had been sent to the Super Eight Motel by Files to lead some people from California to Files home where a drug transaction took place.[1]

Officer Roy presented his application and affidavit for a search warrant to search Files' home on the 21st of January, 2002 at 6:14 a.m., to Monroe County Circuit Judge Baird Kinney. After reviewing Officer Roy's application and affidavit, Judge Kinney, in issuing a search warrant, found, among other things, "that there is reasonable cause to search the residence of MARK FILES and SHIRLEY CUMMINS .... I am satisfied that there is probable cause to believe that the property so described is being concealed on the property ...."[2]

Among numerous other items seized from the residence of Files and Cummins, the following items were also seized and designated in an inventory: a medical device used for drug paraphernalia, small bag of marijuana, wooden pipe paraphernalia, a set of scales, paper containing suspected marijuana, a set of scales, $10,091.70 in U.S. currency, suspected marijuana and white rock like substance, numerous firearms, two pipes, rolling papers and roller.

## DISCUSSION

In *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the Supreme Court observed that in determining whether probable cause exists, courts must consider the totality of circumstances; and that probable cause exists when the circumstances within the officer's knowledge are sufficient to warn a man of reasonable caution in the belief that an offense has been or is being committed. See also: *United States v. Brown* 49 F.3d 1346 (8th Cir.1995) ("The probable cause determination does not depend upon individual facts; rather it depends on the cumulative effect of the facts in the totality of the circumstances.")

Officer Roy's affidavit disclosed that he commenced his investigation of Files' alleged drug activities approximately five years before he made application of a search warrant to search Files' home; that during this five year period, he had received information from the Monroe County, Arkansas, Sheriff's Office, the Arkansas Game and Fish Commission and the Drug Enforcement Administration Task Force regarding Files' alleged drug activities; and that he had interviewed and received inside information from confidential informants who were associates of Files in Files' alleged drug activities. The affidavit further stated that the information received by the investigators, after the arrest of Lahue in Russellville, Arkansas, during the several monitored telephone calls to Tino Barrasa, confirmed the information that Files' associates had disclosed, during the five years' investigation, that Files was receiving methamphetamine from a source in California; and that Files would meet the courier at Super 8 Motel in Brinkley, Arkansas, and direct the courier to follow him to the area where the drugs

---

**1.** The record reflects that at least two of several of Files' associates who cooperated with the Government and disclosed information regarding Files' drug activities were given use immunity for their cooperation and testimony by the Government.

**2.** Judge Kinney, in his own handwriting, inserted the following observation in the body of the search warrant: "There is significant evidence that Mark Files is engaged in the selling of illegal drugs at or near his property as noted in the Affidavit of Barry Roy."

would be delivered which included at times Files's home.

This Court is persuaded that the information received by the investigators after LaHue's arrest from Tino Barrasa constitutes independent verification of information that Officer Roy obtained over the years regarding Files' alleged drug activities and, therefore, further finds that the search of Files' home was supported by probable cause and did not violate the Fourth and Fourteenth Amendments to the United States Constitution.[3]

Accordingly, Files' motion to suppress all evidence seized at his home pursuant to the search warrant issued by Judge Kinney is denied.

3. The Court further finds that Officer Roy mistakenly recited information in the affidavit regarding two events involving the Arkansas State Game and Fish Agency and Files as a single event when in fact the events were two separate matters. Officer Roy did not intentionally disregard the truth in his application for a search warrant by reciting the December 1997 event and the December 15, 1998 event as a single event.